IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENRY SEBASTION ROHDEN, | § | |
| Petitioner, | § | |
| v. | § | 2:16-CV-122 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant HENRY SEBASTION ROHDEN has filed a Motion to Vacate Sentence Pursuant to 18 U.S.C. § 2255. For the reasons set forth below, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and the motion to vacate should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On June 2, 2003, defendant ROHDEN pleaded guilty to the offense of Possession with Intent to Distribute Cocaine Base, Aiding and Abetting in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. §2. His was sentenced as a career offender pursuant to U.S.S.G. §4B1.1 and §4B1.2. On July 28, 2004 defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 which was denied by final judgment on September 21,

2007.[1]

On June 15, 2016, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255. A review of the Fifth Circuit online docket shows defendant filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 by a Prisoner in Federal Custody in the Fifth Circuit which was denied by that Court on June 24, 2016 as Case No. 16-10549.

## II.
## FAILURE TO OBTAIN CERTIFICATION

Title 28 U.S.C. § 2255 provides that a "second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." Title 28 U.S.C. § 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Consequently, before a district court such as this one may consider a successive motion to vacate, a defendant <u>must</u> have obtained the requisite certification and/or permission from the appropriate court of appeals to file such motion with the district court.

Defendant has asked for but been denied certification and/or authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this second motion to vacate. *See In re Rohden,* ___F.3d___, No. 110549, 2016 WL _____ (5th Cir. June 24, 2016) citing *In re Arnick,* ___ F.3d ___, No. 16-10328, 2016 WL 3383487 (5th Cir. June 17, 2016). The defendant is

---

[1] The docket record shows there were multiple intervening filings, amendments to the motions, supplements to the government's response and a previous appeal none of which need to be set forth herein to make a determination of defendant's claim.

requesting that this Court allow a pleading to be filed which the Court has no jurisdiction over. Because defendant has failed to obtain the appropriate certification from the appropriate appellate court as required by 28 U.S.C. § 2255, this Court is without authority to consider the motion.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of this Report and Recommendation to the defendant by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _29th_ day of June, 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin,* 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).